JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-00691-SSS-DTBx | Date | October 2, 2024 |
|---|---|---|---|
| Title | *Miguel Licea v. Timex.com, Inc., et al.* | | |

Present: The Honorable  SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):
None Present                            None Present

**Proceedings:   (IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 33]**

     This putative class action arises from allegations that Defendant Timex.com, Inc. allows a third-party website to wiretap and eavesdrop on conversations using a website chat feature on its website. Defendant removed this case from state court, alleging this Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). [Dkt. 1, Not. of Removal ¶¶ 8–17]. Defendant alleges that the amount in controversy is at least $5,005,000, assuming there are at least 1,001 California consumers who suffered the same legal injury under the California Invasion Privacy Act and all of whom are entitled to $5,000 in statutory damages under California Penal Code § 632.7(a). [Id. ¶ 17]. No other facts are alleged to support Defendant's assumptions.

     Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). CAFA confers district courts original jurisdiction over class actions that have, among other things, an amount in controversy that exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). CAFA does not alter the longstanding principle that the party asserting federal jurisdiction bears the burden of showing jurisdiction exists. *Lewis v. Verizon Commc'ns, Inc.*,

627 F.3d 395, 399 (9th Cir. 2010).  The allegations in the Notice of Removal must be accepted as true unless contested by the Court.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019).  If the Court challenges the plausibility of these allegations, the party asserting jurisdiction must offer evidence—i.e., declarations, affidavits, or other summary-judgment type evidence—to show that the amount in controversy has been met.  *See Dart Cherokee*, 574 U.S. at 88 (placing evidentiary burden on defendant in removal case); *Byars v. Hot Topic, Inc.*, EDCV 22-1652 JGB (KKx), 2023 WL 2026994, at *5-7 (C.D. Cal. Feb. 14, 2023) (placing evidentiary burden on plaintiff in case originally filed in federal court).

     Here, Timex has not carried its burden of showing subject matter jurisdiction exists under CAFA.  While Timex argues it properly relied on Licea's estimated number of class members and request for statutory damages, there is nothing in the complaint that supports a reasonable assumption that the number of class members exceeds 100 persons apart from Licea's unsupported allegation.  Without more information, the Court cannot conclude that the putative class is comprised of 100 or more members.

     For the above reasons, because Timex has failed to carry its burden of showing subject matter jurisdiction exists, this case is **DISMISSED**.

     **IT IS SO ORDERED.**